UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ZHEJIANG JINGLI BEARING TECHNOLOGY CO., LTD.<br><br>　　　　　　　PLAINTIFF,<br><br>　v.<br><br>UNITED STATES,<br><br>　　　　　　　DEFENDANT. | Court No. 24-00038 |

**COMPLAINT**

Plaintiff by and through its attorneys, alleges and states the following claims against the defendant United States.

**JURISDICTION**

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the Final Results issued by the United States Department of Commerce, International Trade Administration (ITA) in the §751 administrative review of, *Tapered Roller Bearings and Parts Thereof, Finished and Unfinished from the People's Republic of China* as further provided for by the Issues and Decision Memorandum for the Final Results, which was incorporated by reference in the Final Results *Federal Register* notice published at 89 Fed. Reg. 1,548 (January 10, 2024).

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the

1

Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiff Zhejiang Jingli Bearing Technology Co., Ltd. ("Jingli") is a Corporation organized under the laws of the People's Republic of China ("China"). Plaintiff Jingli produced tapered roller bearings in China and exported the same to the United States in the period of review ("POR"). Jingli was an active participant in the Administrative Review. Jingli was designated as a separate-rate respondent, meaning that, in principle, it received the average rate of the mandatory respondent, assuming total adverse facts available were not utilized to determine the mandatory respondent's dumping margin. Since Shanghai Tainai Bearing Co., Ltd. ("Tainai") was the only mandatory respondent, Jingli received the same rate as Tainai, 24.78 percent.

4. Pursuant to 19 U.S.C. §1516a(2), the Plaintiff is an interested party as defined in 19 U.S.C. §1677(9)(A) as Plaintiff was a party to the proceeding in connection with which this matter arises.

5. Plaintiff has standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiff commenced this action by filing a Summons with this Court on February 9, 2024, which was within thirty days after the date of the publication of the final results in the *Federal Register*. Plaintiff is filing this complaint on March 5, 2024, which is within thirty days from the date of the filing of the Summons in accordance with Rule 6(a) and satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7. On August 9, 2022, pursuant to a request for review filed on June 30, 2022, by Koyo Bearings North America LLC, on behalf of the U.S. domestic industry, the Department initiated the Administrative Review underlying this matter. See *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 87 Fed. Reg. 48459 (August 9, 2022).

8. On September 8, 2022, Jingli entered its appearance in the administrative review and submitted its Separate Rate Application ("SRA").

9. On July 7, 2023, the Department published the preliminary results for the administrative review. Plaintiff Jingli, as a separate-rate respondent, was assigned a rate of 27.02 percent, the same rate as the mandatory respondent, Shanghai Tainai Bearing Co., Ltd.. See *Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review; 2021-2022*, 88 Fed. Reg 43290 (July 7, 2023).

10. On August 8, 2023, mandatory respondent, Tainai, filed an administrative case brief with the Department of Commerce challenging the preliminary results.

11. On August 14, 2023, the domestic industry filed an administrative rebuttal brief with the Department of Commerce.

12. On January 4, 2024, the Department issued the Final Results. On January 10, 2023, these results were published in the Federal Register at 89 Fed. Reg. 1548. In the Final Results, the Department assigned a rate of 24.78 percent based on "partial" adverse facts and using an alternate calculation methodology based on a differential pricing analysis to Tainai. This same rate was assigned to Jingli as a separate-rate respondent.

## STANDARD OF REVIEW

13. The standard of review of a final determination made by the Department of Commerce in an antidumping case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d 1445, 1452 (1984) (footnote omitted).

14. This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

### COUNT ONE

15. The allegations of paragraphs 1 through 14 are incorporated by reference and

restated as if fully set forth herein.

16. This Complaint is based on the Complaint filed by the mandatory respondent, Shanghai Tainai Bearing Co., Ltd., CIT #24-00025. The issues are the same, except for Count Six, herein.

17. The Department's decision to apply partial adverse inferences to Tainai is not supported by the facts.

18. With respect to the inputs to which partial adverse facts were applied, there is no missing information. The Department valued these inputs using surrogate values for finished inputs, and thus the factors of production that go into these inputs is not relevant.

19. The Department cannot apply adverse inferences in the absence of missing information. Therefore, the Department's determination to do so was arbitrary and capricious and an abuse of discretion.

**COUNT TWO**

20. The allegations of paragraphs 1 through 19 are incorporated by reference and restated as if fully set forth herein.

21. Tainai fully responded and provided all information in its possession. The allegedly missing information was information of unrelated third parties that refused to provide such information to Tainai.

22. The utilization of partial adverse inferences where the missing information was not relevant to the determination and where the failure to provide the data was the result of a refusal

5

of unrelated parties is not in accordance with law.

23. The utilization of partial adverse inferences also was arbitrary and capricious and an abuse of discretion.

**COUNT THREE**

24. The allegations of paragraphs 1 through 23 are incorporated by reference and restated as if fully set forth herein.

25. The Department deducted payments of 301 duties from Tainai's U.S. price. Such duties should not have been deducted from U.S. price.

26. The Department's deduction of 301 duties from U.S. price is arbitrary and capricious and an abuse of discretion.

**COUNT FOUR**

27. The allegations of paragraphs 1 through 26 are incorporated by reference and restated as if fully set forth herein.

28. The Department did not include all payments received from Tainai's customer on the sales of goods as part of the price paid. Rather, the Department did not include payments collected from the customers for 301 duties which exceeded the amount of the 301 duties actually paid. All payments received from the customer should have been included in the evaluation of the U.S. sales.

29. The Department's capping of payments received from customers by the amount of 301 duties from U.S. price is arbitrary and capricious and an abuse of discretion.

## COUNT FIVE

30. The allegations of paragraphs 1 through 29 are incorporated by reference and restated as if fully set forth herein.

31. The Department found that there was a pattern of prices by Tainai that differed significantly among purchasers, regions, or time periods.

32. The facts establish that there was no variance among a significant proportion of CONNUM's during the POR and a large majority were sold at only two prices during the POR.

33. The Department's analysis was flawed and did not take into account the specific facts at issue.

34. Where there is no more than one price change during the POR for a large majority of the CONNUM's at issue, there can be no valid finding of a pattern of prices that differ significantly among purchasers, regions or time periods.

35. In the absence of evidence of prices that differ significantly among purchasers, regions or time periods, and in the presence of evidence that the large majority of prices did not change or changed only once, the application of the alternate method to calculate the margins is not supported by substantial evidence on the record.

36. The Department should not have used the alternate method to calculate the dumping margins and should not have applied any adjustment based on the differential pricing analysis.

## COUNT SIX

37. The allegations of paragraphs 1 through 36 are incorporated by reference and restated as if fully set forth herein.

38. Should the Court decide in favor of Tainai in CIT 24-00025, Jingli requests the Court to ensure that the Department issues an amended separate rate to the Plaintiff consistent with any amended dumping margin determined for Tainai.

**PRAYER FOR RELIEF**

WHEREFOR, the Plaintiff respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to six of Plaintiff's Complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court; and

3. Providing such other relief as the court may deem just and appropriate.

    Respectfully submitted,

    */s/ John J. Kenkel*
    John J. Kenkel
    **Counsel to Zhejiang Jingli Bearing Technology Co., Ltd.**

Date March 5, 2024

    John J. Kenkel
    International Trade Law Counselors, PLLC
    8647 Richmond Highway, Suite 623
    (202) 390-4064
    IntlTradeLawCounselors@outlook.com